IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


HITHAM ABUHOURAN,                 :    CIVIL ACTION
                                  :    NO. 07-5513
          Plaintiff,              :
                                  :
     v.                           :
                                  :
R.L. MORRISON, et al.,            :
                                  :
          Defendants.             :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          April 1, 2010

_____Before the Court is Plaintiff Hitham Abuhouran's

("Plaintiff") request for additional discovery and motion for

appointment of counsel.  For the following reasons, the Court

will grant Plaintiff's request for discovery on a limited basis,

but will deny Plaintiff's motion for appointment of counsel on

the ground that Plaintiff possesses sufficient skill to

competently pursue his claim pro se.


I.    **BACKGROUND**

     A.    Facts

          Plaintiff, a pro se prisoner, asserts tort and Bivens

claims against the United States and seventeen employees of the

Federal Bureau of Prisons (collectively, the "Defendants") for

(1) alleged exposure to secondhand smoke based on the failure of

the prison to provide adequate ventilation, place Plaintiff in

the non-smoking unit, or enforce its non-smoking policy; and (2)

violation of his First Amendment rights by requiring that his correspondence be in English only. Plaintiff alleges the following facts in support of his claim arising out of an "inadequate" ventilation system at Federal Detention Center ("FDC") Philadelphia. Plaintiff was transferred from Federal Correctional Institution ("FCI") Elkton to FDC Philadelphia on July 2, 2002. He was placed with a cellmate who smoked 3-4 packs of cigarettes every night. Plaintiff complained and was transferred to a cell that leaked when it rained. He complained again and was transferred to a cell occupied by another smoker. He complained again but was not transferred for several months. Plaintiff also made requests that the warden enforce various non-smoking policies that were ignored. He states that the prison was crowded beyond capacity and that the ventilation system was inadequate to deal with such a large prison population, particularly in light of the amount of smoking that takes place.

Plaintiff's claims are virtually identical to case No. 07-2465, which was filed with this Court and dismissed, and is currently on appeal. Plaintiff, however, asserts two additional causes of action in these proceedings. One, that he was subjected to "invidious discrimination" in violation of the Fifth Amendment. Two, that he was subjected to "invidious discrimination" when he was required to conduct correspondence in English only, in violation of the First Amendment (the "First

Amendment Claim").

B.   <u>Procedural History</u>

        Plaintiff originally filed the instant case in the
United States District Court for the District of Columbia on
March 24, 2006.  See Abuhouran v. Morrison, No. 06-0560 (D.D.C.).
That court transferred the case to the Northern District of Ohio.
See Abuhouran v. Morrison, No. 06-1207.  The Ohio district court
dismissed all of Plaintiff's claims arising out of his
incarceration at FCI Elkton for failure to state a claim, and all
of the claims arising out of his incarceration at FDC
Philadelphia for failure to exhaust administrative remedies.  On
appeal, the Sixth Circuit affirmed the dismissal of the FCI
Elkton claims, but remanded the FDC Philadelphia claims based on
Jones v. Bock, 549 U.S. 199 (2007).  By order dated November 30,
2007, the district court transferred the remaining claims to this
Court, which docketed the case as 07-5513 on December 28, 2007.
Plaintiff thereafter filed an amended complaint on February 14,
2008, and a first amended complaint on March 5, 2008.  Defendants
filed a motion for summary judgment on April 20, 2009.

        On November 3, 2009, Plaintiff filed a response to
Defendants' motion for summary judgment and requested additional
fact discovery and appointment of counsel.  Following a telephone
conference, and in light of the pending parallel case in the
Third Circuit, the Court dismissed Defendants' summary judgment

motion as to all the counts in Plaintiff's complaint except for the First Amendment Claim. The Court further ordered Defendants to prepare a report as to what documents may be available in regard to Plaintiff's request for additional discovery (the "Discovery Report"), and that Plaintiff have an opportunity to object prior to a decision on whether additional discovery or the appointment of counsel was necessary. The Discovery Report also was to address whether depositions were necessary as to certain personnel, specifically the former warden at FCI Elkton, concerning the First Amendment Claim. On December 7, 2009, Defendants filed the Discovery Report, and on December 21, 2009, Plaintiff filed his objections.

## II.  REQUEST FOR ADDITIONAL DISCOVERY

Plaintiff has requested additional discovery in order to respond to Defendants' motion for summary judgment. Plaintiff requested that he be permitted to depose the following individuals: (1) "M. Azzam," a former health administrator at FCI Elkton concerning his medical condition; (2) "Dr. Mineti," a health director at FCI Elkton concerning his medical condition; (3) "Mr. Link," the SIS at FCI Elkton concerning the restrictions limiting Plaintiff to writing in English-only; (4) "Captain Fitzgerald," a prison official at FCI Elkton concerning the mail restrictions; and (5) Wardens R.L. Morrison and Mark A. Bezy

concerning the mail restrictions.[1]

As the Court's November 6, 2009 order expressly limited Plaintiff's request for discovery to his First Amendment Claim, it is only necessary to address Plaintiff's request for discovery as to witnesses who have information concerning the restrictions placed on Plaintiff's mail.

Defendants were instructed to produce a Discovery Report concerning the logistics of Plaintiff's request for discovery, particularly with respect to deposing the warden who imposed the mail restrictions. Defendants' Discovery Report posits that further discovery, including depositions, as to Plaintiff's First Amendment Claim is unnecessary as the restrictions on Plaintiff's mail were plainly valid. In other words, Defendants' position is that any discovery would be futile as Plaintiff's First Amendment Claim cannot proceed.

Regardless of the merits of Defendants' arguments, the instructions from the Court during the November telephone conference were clear:

> So this is what I'd like to do. Ms. Frye, I'd like you to take a look at this matter, and find out what documents are available, and to identify a person, who would be able to testify as to the circumstances. Maybe it's not the warden, maybe it's somebody else. I take

---

[1]     The parties have provided conflicting information as to whether Mr. Morrison or Mr. Bezy was the warden at the time that the mail restrictions were imposed on Plaintiff. The exact identity of the warden is not germane to the disposition of the instant motion.

it, it may well be that this was a lower level decision.

So that's – the point is, is where did this
originate, and we're not going to have a fishing
expedition, or paralyze the functions of the institution,
or affect the workings of the Bureau of Prisons.  It's
simply a matter of trying to establish a baseline from
which the Court can then make a determination.

So what – before we - before we run here, why don't
we just take a few baby steps.  And the first baby step
is for you to give us a report, maybe within 30 days, of
what it is that is available; maybe a lot, maybe nothing,
and then I'll have to decide how to proceed.

(Hr'g Tr. 19, November 6, 2009.)  Instead of following the
Court's directions, counsel for Defendants' Discovery Report
provided argument as to why Plaintiff's claim is without merit.
Defendants' response is totally unacceptable.  Given counsel's
recalcitrance to follow the Court's directions, Defendants are
directed to designate a 30(b)(6) deponent to answer questions in
deposition limited to the First Amendment Claim.  Prior to the
deposition, Plaintiff shall comply with Fed. R. Civ. P. 30(b)(6)
and designate with reasonable particularity the proposed areas of
inquiry.  Following the deposition, the Court will enter a
scheduling order to allow the parties an opportunity for further
briefing on the merits of Plaintiff's First Amendment Claim,
including the opportunity for Defendants to file a motion for
summary judgment.

**III. REQUEST FOR APPOINTMENT OF COUNSEL**

Plaintiff also makes a request for the appointment of counsel based on the complexity of the case and his lack of financial resources. "Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citing Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997)). District courts do, however, have statutory authority to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Third Circuit grants district courts "broad discretion" to determine whether appointment of counsel to an indigent civil litigant is proper. Montgomery, 294 F.3d at 498 (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)). This determination may be made by the district court at any time during the litigation and may be made by the district court sua sponte.

In Tabron, the Third Circuit developed a list of factors for district courts to consider when determining whether to appoint counsel to a civil litigant. 6 F.3d at 155-57. As a threshold matter, the district court must first assess whether the "plaintiff's claim has arguable merit in fact and law." Id. at 155. Once this threshold matter is satisfied, the district court should consider the following factors:

(1) the plaintiff's ability to present his own case;

(2) the difficulty of the legal issues;

(3) the degree to which factual investigation will be required and the ability of the plaintiff to pursue such investigation;

(4) the plaintiff's capacity to retain counsel on his own behalf;

(5) the extent to which a case is likely to turn on credibility determinations; and

(6) whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57). In addition, the district court must take into account that "volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."  Id. (citing Tabron, 6 F.3d at 157).

Based on an initial review of Defendants' motion for summary judgment, it does appear that Plaintiff's claims concerning his exposure to secondhand smoke are barred by res judicata and collateral estoppel based on his prior duplicative filings.  This is not the case for Plaintiff's First Amendment Claim, which appears to be non-frivolous based on the Court's initial review.  A key inquiry is whether given the Court's approval of Plaintiff's request for additional fact discovery, including depositions, it is necessary to appoint counsel in this case.  Even if fact discovery is needed, initially at least, a

30(b)(6) deposition as ordered above, the scope of discovery sought by Plaintiff is neither broad nor complex such that he would be prevented from conducting it properly without the assistance of counsel.  At this time, Plaintiff needs only to ascertain the reasons behind the imposition of his mail restrictions in order for the Court to adjudicate his First Amendment Claim.  Moreover, in his communication with the Court, both oral and written, Plaintiff has demonstrated a high level of understanding of the legal process.

Therefore, Plaintiff's motion for appointment of counsel is will be denied.


## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's request for additional discovery will be granted in accordance with the terms of the accompanying order, however, Plaintiff's motion for appointment of counsel will be denied.  An appropriate order follows.